IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARTY LISH<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 4:15-CV-079-BLW<br><br>MEMORANDUM DECISION |

## INTRODUCTION

The Court has before it petitioner Lish's motion under 28 U.S.C. §2255 to vacate his conviction due to the ineffective assistance he received from his attorney. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion and order that the case be dismissed.

## BACKGROUND

Following a jury trial, Lish was convicted of (1) a conspiracy to distribute less than 50 grams of methamphetamine and (2) possession with intent to distribute a controlled substance. *See Special Verdict (Dkt. No. 84-1) in U.S. v. Lish CR-10-100-BLW.* On appeal the Ninth Circuit affirmed the conviction. *U.S. v. Lish,* 567 Fed.Appx. 532 (9th Cir. 2014) (unpublished disposition).

Lish has now filed a §2255 motion alleging that his counsel was ineffective for the following reasons: (1) He failed to investigate the blue bag found in Lish's car under the passenger seat occupied by a known addict; (2) He failed to object to the juror GJ who

**Memorandum Decision – page 1**

was the sister-in-law of the presiding judge; (3) He failed to object to the admission of the cell phone and text messages; (4) He failed to move for a mistrial after the prosecution made a statement placing the burden of proof on Lish; (5) He failed to seek a mistrial when the prosecution accused Lish of lying; (6) He failed to cite two Supreme Court cases that would have prevented the search of his cell phone; (7) He failed to object to the conspiracy charge – and to the conspiracy jury instruction – on the ground that there were no co-conspirators, and that the jury instruction failed to note that co-conspirators could not be law enforcement officers or informants; (8) He had a conflict of interest because he also represented a witness; (9) He failed to challenge the indictment as charging two crimes for the same conduct; and (10) He failed to call four witnesses who were ready to testify on behalf of Lish.

## LEGAL STANDARD

To prevail on his claim of ineffective assistance of counsel, Lish must demonstrate that his attorney's representation "fell below an objective standard of reasonableness," and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Harrington v. Richter,* 562 U.S. 86, 104 (2011). The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

**Memorandum Decision – page 2**

different." *Id.* A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Id.* It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*.

The Supreme Court has observed that "[s]urmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Richter,* 562 U.S. at 105. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from "best practices or most common custom." *Id.*

## ANALYSIS

### Blue Bag

Lish complains that his attorney failed to investigate the true owner of the blue bag found in his car that contained methamphetamine. But even assuming this failure was objectively unreasonable because it would have revealed that Lish's passenger was the owner of the blue bag, there is no prejudice. The record contains evidence of methamphetamine found in Lish's shoe as well as evidence of Lish making sales of methamphetamine. For example, Clyde Eldridge testified that he and Lish had an agreement that Lish would provide him with methamphetamine for resale, and that Lish actually provided the methamphetamine to Eldridge on a frequent basis. *See Transcript (Dkt. 151)* at pp. 760-81. This evidence would independently support the jury verdict on

the conspiracy and possession charges even without the evidence of the blue bag and its contents.

**Juror GJ**

Lish complains that his attorney failed to question juror GJ about her ability to be impartial and failed to seek to remove her. During voir dire, the Court informed counsel that GJ was his sister-in-law. Later, after GJ had answered questions about her background, the Court repeated its earlier statement: "Counsel, as I noted earlier, Ms. Jones is my sister-in-law, which does not disqualify her from being on the jury, but I just want counsel to know that." *See Transcript (Dkt. No. 215)* at p. 19.

Lish does not point to any response by GJ during voir dire that would have provided a reason to question her impartiality. Indeed, when the Court asked the jurors to raise their hands if there was any reason why they could not be impartial, GJ did not respond, an indication that she could be fair and impartial. *Id.* at pp. 94-98. The mere fact that GJ was related by marriage to the Court was no reason for defense counsel to seek removal. As Judge Kozinski has observed, "a juror could be a . . . relative of . . . the judge, and still be perfectly fair and objective." *Dyer v. Calderon,* 151 F.3d 970, 982 (9th Cir. 1998) (en banc). Having no factual basis to accuse GJ of being biased, and having no legal basis to challenge her on the ground of her relationship by marriage to the Court, defense counsel cannot be charged with ineffective assistance for failing to (1) make a futile attempt to remove GJ for cause, or (2) waste a preemptory challenge on such a juror. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir.2005) (counsel cannot be ineffective for failing to raise a meritless objection)

**Memorandum Decision – page 4**

**Cell Phone and Text Messages**

Lish complains that his attorney failed to object to the admission of the cell phone and text messages. He argues that these items were introduced by the prosecution on cross-examination during a line of questioning that was outside the scope of direct and that should have been objected to by his counsel. But in direct examination, Lish said that "I am not a meth dealer" and "I am not a meth distributor," and at another point during questioning by his counsel stated that "I have never dealt meth." *See Transcript (Dkt. No. 152)* at pp. 1013, 1017. In response, the prosecution introduced the cell phone and the text messages to challenge Lish's credibility concerning his testimony on these points. The scope of cross examination includes not only the "subject matter of direct examination" but also "matters affecting the witness's credibility." *See* Federal Rule of Evidence 611(b). This Rule authorized the prosecution's introduction of these items. Moreover, the Ninth Circuit, in affirming Lish's conviction, held that the admission of the text messages was proper. *See U.S. v Lish, supra* at *3. All of these circumstances demonstrate that the objection urged by Lish would have been futile. His attorney's failure to raise it cannot be deemed ineffective assistance. *James v. Borg,* 24 F.3d 20, 27 (9th Cir. 1994) (holding that "[c]ounsel's failure to make a futile motion does not constitute ineffective assistance of counsel").[1]

**Failure to Ask For Mistrial**

---

[1] Lish also argues that his counsel was ineffective for citing two Supreme Court cases that would have required officers to get a warrant before searching Lish's cell phone. But both cases were decided in 2014, long after the trial in this case.

**Memorandum Decision – page 5**

Lish complains that his attorney failed to object and ask for a mistrial when the prosecution sought to place the burden of proving innocence on him. The exchange Lish complains about is set forth below:

Q: [by prosecution] I'm going to ask you one more time. Why did Jamie Hendricks ask you to bring a quarter ounce of methamphetamine to her if she knew you weren't a drug dealer?

A: [by Lish] She should be here to testify against that. That's what I got to say about that.

Q: Pardon me?

A: She should be here to testify against it, but she's not. Because you don't want to bring her in here because of that reason.

Q: Your counsel can call her as a witness.

*See Transcript (Dkt. No. 152)* at pp. 1050-51. In this exchange, the prosecution points out Lish's failure to call Jamie Hendricks as a witness on his behalf. The Ninth Circuit has expressly held that "[p]rosecutors may comment on the failure of the defense to produce certain evidence to support an affirmative defense so long as it does not directly comment on the defendant's failure to testify." *Cook v. Schriro*, 538 F.3d 1000, 1020 (9th Cir.2008). Given this holding in *Cook*, any motion for a mistrial would have been futile because the prosecution limited its comments to Lish's failure to produce testimony to support his defense. Thus, defense counsel cannot be deemed ineffective on this ground.

Lish also accuses his attorney of being ineffective for failing to move for a mistrial when the Court accused Lish of lying during his testimony. The Court had previously ruled that Lish could not testify that Jamie Hendricks was having an affair with the detective investigating the case. During Lish's direct examination, Lish's counsel asked him whether he dated Hendricks, and Lish replied that he did until Hendricks "confessed that she was having the affair with the detective." *See Transcript (Dkt. No. 152)* at p. 1070. The Government objected and the Court was compelled to instruct the jury to disregard Lish's statement: "Ladies and gentlemen, I′m going to instruct you to just completely disregard the last question and answer. It is not relevant to the proceedings, and the court had previously so indicated. The question should not have been asked, and the answer should not have been given." *Id.* at p. 1071. The Court was not accusing Lish of lying. The Court was merely instructing the jury to disregard testimony that the Court had previously ruled was inadmissible. It would have been futile for defense counsel to move for a mistrial at this point, and he cannot be deemed ineffective for failing to do so.

**Indictment Charging Two Crimes for One Course of Conduct**

Lish alleges that his attorney was ineffective for failing to challenge the indictment as charging two crimes for a single course of conduct. The Court disagrees. The conspiracy charge requires proof of an agreement, which is not an element of the possession with intent to distribute charge. Conversely, the possession with intent to distribute charge requires proof of actual possession, which is not an element of the conspiracy charge. Since each charge contains an element not shared by the other, the indictment is not multiplicious. *See U.S. v. Roberts*, 783 F.2d 767, 769 (9th Cir.1985)

**Memorandum Decision – page 7**

(citing *Blockburger v. U.S.*, 284 U.S. 299, 304 (1932)) (holding that "[a]n indictment is not multiplicious if each count requires proof of a fact which the other does not").

**<u>Failure to Object to Jury Instructions</u>**

Lish alleges that his attorney should have challenged the instructions for modifying the indictment.  The superseding indictment charged that Lish engaged in a conspiracy to distribute cocaine as well as methamphetamine, yet the jury instructions only mentioned methamphetamine.  The jury instructions were based on the evidence at trial that focused entirely on Lish's sales and possession of methamphetamine.  The jury instructions accorded with the trial testimony and evidence and hence any objection here would be futile.

**<u>Failure to Challenge Lack of Instructions on Limitation of Co-Conspirators</u>**

Lish alleges that his attorney should have challenged the failure of the Court to instruct the jury that a law enforcement officer or informant cannot be deemed a co-conspirator.  Assuming that such an instruction would be a correct statement of the law, it would not have helped Lish.  An ineffective assistance of counsel claim based on counsel's failure to object to a jury instruction requires a showing of prejudice. *U.S. v. Swanson*, 943 F.2d 1070, 1073 (9th Cir.1991).  There is none here.  As discussed above, the jury heard testimony from Clyde Eldridge that he and Lish had an agreement that Lish would provide him with methamphetamine for resale.  Eldridge was neither a police officer nor an informant at the time.  Thus, even with the jury instruction urged by Lish, the jury still would have had sufficient facts on which to base its conviction.  This argument must therefore be rejected.

**Memorandum Decision – page 8**

**Conflict of Interest & Failure to Call Witnesses**

Lish argues that his attorney failed to call as a witness Jamie Hendricks along with other witnesses who would have helped his case. Apparently Lish wanted Hendricks to testify that she was having an affair with an investigating detective. But the Court ruled that such evidence was inadmissible, so it would have been futile for Lish's counsel to call her for that purpose.[2] Lish also argues that she could have testified that she never saw Lish with the blue bag. But the Court has explained above that even if the jury ignored the blue bag and its contents, there was still sufficient evidence to support the convictions. Lish fails to explain specifically how his other witnesses that were not called to testify would have helped his case.

Lish argues that his counsel had a conflict of interest because he also represented Hendricks, and failed to call her to testify because of that conflict. But the Court has just held that the failure to call Hendricks had no effect on the outcome of the trial. Hence this argument must be rejected.

**Conclusion**

A district court may not summarily dismiss a petition without holding an evidentiary hearing unless the petitioner fails to allege facts which, if true, would entitle him to relief, or the petition, files and record of the case conclusively show that he is entitled to no relief. *U.S. v. Rodriguez-Vega*, 797 F.3d 781, 788 (9th Cir. 2015).

---

[2] It appears that the Ninth Circuit affirmed the Court's ruling in its decision on Lish's appeal. *U.S. v. Lish, supra* at * 3 (holding that "the limitation on his ability to impeach this evidence was not plain error").

**Memorandum Decision – page 9**

*Id.* at n. 11; 28 U.S.C. § 2255.  Here, as set forth above, the petition, files, and record demonstrate conclusively that Lish is entitled to no relief.  Throughout this decision, the Court has assumed as true the facts asserted by Lish, but has held that he is still not entitled to any relief.  Hence the Court will order that his case be dismissed in a separate Judgment as required by Rule 58(a).

### Denial of Certificate of Appealability

To obtain a Certificate of Appealability under 28 U.S.C. §2253(c), Lish must make "a substantial showing of the denial of a constitutional right."  *Slack v. McDaniel,* 529 U.S. 473, 483 (2000).  The discussion above demonstrates that he has failed to meet this standard.  Hence, the Court will deny the Certificate of Appealability.

DATED: November 12, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court